In the Matter of Charles
J. RATHBURN, Jr.,
Petitioner.

No. 02S00–0603–DI–97.

Supreme Court of Indiana.

July 2, 2013.

*PUBLISHED ORDER GRANTING MO-TION FOR RECONSIDERATION AND GRANTING REINSTATE-MENT TO THE PRACTICE OF LAW*

On December 21, 2006, this Court suspended Petitioner from the practice of law in this state for a period of not less than 18 months without automatic reinstatement. Petitioner filed a petition for reinstatement on February 7, 2012. On January 14, 2013, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner not be reinstated to the practice of law in this State.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) **The petitioner has complied fully with the terms of the order for discipline;**

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b) (emphasis added).

The hearing officer appointed in this case made findings of fact, concluded that Petitioner had not met his burden of proof only with respect to requirement (3), highlighted above, and therefore recommended that his petition for reinstatement be denied. The Commission adopted the hearing officer's recommendation. On April 19, 2013, the Court denied Petitioner's petition for reinstatement.

On May 17, 2013, Petitioner filed a motion for reconsideration, which the Court now grants. The only bases identified by the hearing officer and the Commission for denial of reinstatement was Petitioner's

failure to fully comply with the duties of a suspended attorney set forth in Admission and Discipline Rule 23(26)(b), by occupying a presence in an office where the practice of law is conducted, and 23(26)(c), by failing to file a compliant affidavit regarding notification of clients. We note, however, that Petitioner consulted counsel on what was required of him after he was suspended and relied in good faith on the advice he received. Moreover, his employment in offices where law is practiced was outside the State of Indiana in apparent compliance with the laws of those states, and it ended more than three years ago.[1] The hearing officer and the Commission found that Petitioner had proven all other requirements for reinstatement by clear and convincing evidence, including that he is remorseful, that his conduct since his suspension has been above reproach, that he has a proper understanding of and attitude towards the standards imposed upon members of the bar, and that he is fit to be consulted by others and to represent them and otherwise. act in matters of trust and confidence. Under these circumstances, the Court concludes that the noncompliance identified by the hearing officer and the Commission should not bar Petitioner's readmission to the bar.

This Court, being duly advised, therefore GRANTS Petitioner's motion for reconsideration and his petition for reinstatement. The Court REINSTATES Petitioner as a member of the Indiana bar as of the date of this order. Petitioner shall pay any costs owing under Admis. Disc. R. 23(18)(d).

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.

---

1. Under the circumstances of this particular case, the Court finds it unnecessary to address

Petitioner's argument that such out-of-state activity does not violate Rule 23(26)(b).